AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
JAN 27 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Gray iPhone 6s Cellphone
Seizure No. 2020250400038801

Case No. 20MJ0354

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2, incorporated herein by reference

located in the ___Southern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. Section 1324 | Alien Smuggling |

The application is based on these facts:

See attached Affidavit of Officer Steven S. Serrano, U.S. Customs and Border Protection

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Steven S. Serrano, U.S. Customs and Border Protection
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/27/2020

*Judge's signature*

City and state: San Diego, CA        Hon. Barbara L. Major, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Steven S. Serrano, having been duly sworn, do hereby state that the following is true to my knowledge and belief:

## INTRODUCTION

1. I submit this affidavit in support of an application for a warrant to search the following electronic device, as further described in Attachment A (incorporated herein by reference):

    (1) Gray iPhone 6s Cell Phone
    Seizure Number: 2020250400038801
    (**"Target Telephone"**)

This search supports an investigation and prosecution of Jose Carlos RAMIREZ-Reyes ("RAMIREZ-Reyes") for the crimes mentioned below. A factual explanation supporting probable cause follows.

2. Officers with U.S. Customs and Border Protection (CBP) seized the **Target Telephone** from RAMIREZ-Reyes on January 26, 2020 when he was arrested at the border at the San Ysidro, California, Port of Entry in violation of Title 8, United States Code, Section 1324 (alien smuggling). The **Target Telephone** is currently in the possession of CBP, located at 720 E. San Ysidro Blvd, San Ysidro, California 92173.

3. Based on the information below, there is probable cause to believe that a search of the **Target Telephone** will produce evidence of the aforementioned crime, as more particularly described in Attachment B (incorporated herein by reference).

4. The information contained in this affidavit is based upon my experience and training, and consultation with other federal, state, and local law enforcement agents. Because this affidavit is submitted for the limited purpose of obtaining a search warrant, it does not set forth every fact known by me or others regarding this investigation, but only contains those facts believed to be necessary to establish probable cause. Dates, times and amounts are approximations unless otherwise noted.

//

## TRAINING AND EXPERIENCE

5. I am an Officer with the United States Customs and Border Protection (CBP) within the Department of Homeland Security. I have been a CBP Officer since April 21, 2003 having completed the CBP Officer academy at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. As a result of my training and experience as a CBP Officer, I am familiar with federal criminal and immigration laws. My primary duties have been the enforcement of federal immigration laws. As part of this training, I attended criminal investigation training that included course studies in, among other things, criminal law, constitutional law, search and seizures, and courtroom procedure. As a CBP Officer, I am a Federal Law Enforcement Officer within the meaning of Rule 41(b) of the Federal Rules of Criminal Procedure, that is, a government agent engaged in the enforcement of the criminal laws of the United States, and thereby authorized to request issuance of federal search and seizure warrants. As an Officer with Customs and Border Protection, my responsibilities include the investigation of possible violations of Immigration and Nationality laws (Title 8, United States Code), including alien smuggling in violation of Title 8, United States Code, Section 1324, and related offenses.

6. My assignment includes investigations related to unlawful aliens and alien smuggling. In the course of my duties, I have worked as the case agent, directing specific alien smuggling and illegal entry investigations. I have worked as an officer at the San Ysidro, California Port of Entry (POE), the Otay Mesa, California POE and Tecate, California POE.

7. During my assignments, I have interviewed Defendants and witnesses relative to their illegal entry and alien smuggling. Through my observations and these interviews, I have gained a working knowledge and insight into the normal operational habits of unlawful aliens and alien smugglers, with particular emphasis on those who attempt to illegally enter or smuggle unlawful aliens into the United States from Mexico.

8. Through the course of my training, investigations, work experience, and conversations with other law enforcement personnel, I am aware that it is a common practice

for alien smugglers to work in concert with other individuals, and they do so by utilizing cellular telephones, pagers and portable radios to maintain communications with co-conspirators in order to further their criminal activities. As a part of the San Ysidro Criminal Enforcement Unit (CEU), I have seen numerous telephones being used by load drivers to communicate with smugglers. Typically, load drivers transporting aliens within the United States are in telephonic contact with co-conspirators immediately prior to and following the entry of unlawful aliens into a load vehicle, at which time they receive instructions on where and when to pick up the unlawful aliens and where to deliver them.

9. Based on my training, work experience, and conversations with other law enforcement personnel, I am also aware that:

  a. Smugglers and traffickers will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages.
  b. Smugglers and traffickers will use cellular telephones because they are able to actively monitor the progress of their illegal activities from point of origin in Mexico to point of destination in the United States.
  c. Smugglers and traffickers and their accomplices will use cellular telephones because they can easily arrange and/or discuss smuggling fees, availabilities of transportation, and costs associated with smuggled aliens.
  d. Smugglers and traffickers will use cellular telephones to direct, coordinate the transfer and acquisition of payment for smuggling and trafficking fees, request additional fees from aliens and/or their sponsors, and coordinate drivers to synchronize an exact drop off and/or pick up time of their aliens.
  e. The use of cellular telephones by smugglers and traffickers tends to generate evidence that is stored on the cellular telephones including, but not limited to emails, text messages, photographs, audio files, call logs, address book entries, IP addresses, social network data, and location data.

*Affidavit in Support of Search Warrant*     3

11. In preparing this affidavit, I have conferred with other agents and law enforcement personnel who are experienced in the area of alien smuggling investigations, and the opinions stated herein are shared by them.

## PROBABLE CAUSE

10. On January 26, 2020, at approximately 8:35 AM, Jose Carlos RAMIREZ-Reyes (Defendant) applied for admission into the United States from Mexico via the Otay Mesa Port of Entry as the driver and sole visible occupant of a 2007 Suzuki XL7 bearing Mexican plates. Upon primary inspection before a United States Customs and Border Protection (CBP) Officer, Defendant presented his United States Border Crossing Card (BCC) and said he was going to San Ysidro with nothing to declare. The CBP Officer received a computer-generated alert on the vehicle and referred it to secondary for further inspection.

11. In secondary, the vehicle was screened utilizing the Z-Portal x-ray machine and anomalies were detected in the rear driver-side quarter panel. A secondary CBP Officer removed a screw holding the rear driver-side quarter panel in place and discovered an individual hidden behind the panel. Defendant was placed in handcuff restraints for officer safety and escorted to the security office. Responding CBP officers assisted in removing one male individual from the quarter panel compartment who was later identified as Bulfrano GARCIA-Avalos, determined to be a citizen of Mexico without legal documents to enter or reside in the United States and held as a Material Witness.

12. During a video-recorded interview, Material Witness stated he was going to pay a smuggler $6,000.00 USD upon successful entry into the United States. Material Witness stated he was traveling to San Diego to work on an avocado farm.

13. Based upon my experience and investigation in this case, I believe that RAMIREZ-Reyes is involved in alien smuggling activities. Based upon my experience training and in consultation with other law enforcement officers experienced in alien smuggling investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to the alien smuggling activities of RAMIREZ-Reyes, such as

*Affidavit in Support of Search Warrant*

4

telephone numbers, made and received calls, contact names, electronic mail (e-mail) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of **Target Telephone**.

14. Finally, alien smuggling conspiracies require detailed and intricate planning to successfully evade detection by law enforcement. In my professional training and experience, this requires planning and coordination in the days and weeks and often months prior to the event. Additionally, co-conspirators are often unaware of the subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine the whereabouts of their valuable cargo. Based on my training and experience, individuals such as RAMIREZ-Reyes will attempt to minimize the amount of time they were involved in their smuggling activities and often times are actually involved for weeks and months longer than they claimed to be involved. Given those facts, I respectfully request permission to search **Target Telephone** for data beginning on October 26, 2019, up to and including January 26, 2020.

## **METHODOLOGY**

15. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of

the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

16. Following the issuance of this warrant, I will collect the **Target Telephone** and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

17. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

18. Based on all of the facts and circumstances described above, my training and experience, and consultations with other law enforcement officers, there is probable cause to conclude that RAMIREZ-Reyes utilized the **Target Telephone** to facilitate violations of Title 8, United States Code, Section 1324.

19. Because the **Target Telephone** was promptly seized during the investigation of RAMIREZ-Reyes's smuggling activities and has been securely stored since it was seized, there is probable cause to believe that evidence of illegal activities committed by RAMIREZ-Reyes continues to exist on the **Target Telephone**. As stated above, I believe that the appropriate date range for this search is from October 26, 2019, up to and including January 26, 2020.

20. Therefore, I respectfully request the Court issue a warrant authorizing me, an Officer with CBP, or another federal law enforcement Agent specially trained in digital evidence recovery, to search the **Target Telephone**, as described in Attachment A, and seize the items listed in Attachment B, using the methodology described above.

21.

I swear the foregoing is true and correct to the best of my knowledge and belief

_____
Steven S. Serrano, CBP Enforcement Officer
U.S. Customs and Border Protection

Subscribed and sworn to before me on this __27__ day of January, 2020.

_____
HON. BARBARA L. MAJOR
United States Magistrate Judge